(Pleito No. 60.—Fallado el 25 de Junio de 1900.)

## CORTADA contra CARRERAS.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Ponce.

1.—RECURSOS. En un recurso basado en error en la apreciación de las pruebas, el recurrente deberá expresar si dicho error fué de hecho ó de derecho, especificando el primero y citando las leyes que hayan sido infringidas en el segundo.

2.—SUSPENSIÓN DE PAGOS. No es necesario ajustarse al artículo 1,128 de la Ley de Enjuiciamiento Civil, pues fué modificado por Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y cinco de Junio de mil novecientos, en el expediente de suspensión de pagos instado por la sociedad mercantil P. Carreras y Cª, de Juana Diaz, hoy incidente seguido en el suprimido Juzgado de la Ciudad de Ponce, promovido por la razón social Señores Ramón Cortada y Cª, sobre nulidad de actuaciones; pendiente en este Tribunal Supremo, en virtud del recurso de casación por infracción de ley interpuesto por la última sociedad mencionada, representada y dirigida por el Letrado Don Rafael Palacios y Rodríguez, habiendo sido de P. Carreras y Cª, recurrida, el Letrado Don Manuel F. Rossy y Calderón.—Resultando: Que el Procurador Don Luis Gautier, acompañando un poder general á pleitos que

en doce de Octubre de mil ochocientos noventa y seis le confiriera Don Pedro Carreras y Robán, por su propio derecho y como gestor de la mercantil de Juana Díaz, P. Carreras y Cª, en el que se inserta la cabeza, pie y cláusulas 4ª y 6ª del contrato social, referentes al nombre de la sociedad, ser gestores ambos socios que la constituyen y que duraría la sociedad cuatro años, á contar desde el primero de Septiembre de mil ochocientos noventa y tres, le faculta para comparecer en los Tribunales de la Isla como actor, demandado y tercerista en toda clase de negocios civiles ó mercantiles, y practicar todo cuanto por sí mismo haría el otorgante en los conceptos en que comparece; presentó en veinte y uno de Abril de mil ochocientos noventa y ocho, á las ocho y cuarenta y cinco minutos de la mañana, escrito en el Juzgado de Ponce, solicitando se declarara á su representado en estado de suspensión de pagos, citándose á Junta á los acreedores.—Resultando: Que acompañó con el escrito, el balance general de la casa, firmado por P. Carreras y Cª, una relación de acreedores sin firmar, y la proposición de convenio autorizada por el defensor y el Procurador referido, dictando el Juzgado auto declarando el estado de suspensión, convocando á Junta, con lo demás consiguiente á esa declaratoria.—Resultando: Que el Procurador Don José C. Schroder, acompañando el poder de Ramón Cortada y Cª, una copia del pagaré que otorgara P. Carreras y Cª á la orden de J. Pastor y Cª por quinientos diez pesos diez centavos, en veinte y tres de Diciembre de mil ochocientos noventa y ocho y vencedero en treinta de dicho mes, otra copia de un extracto de cuenta corriente y la de una carta de veinte y tres de Octubre de mil ochocientos noventa y ocho, que Carreras y Cª dirigiera á Cortada y Cª, formulando reparos por once pesos catorce centavos, y contestando una del veinte y uno que había recibido, expresa que para Diciembre, época de las entradas de café, propone el aplazamiento de la cuenta con los intereses correspondientes, promovió incidente de nulidad del expediente de suspensión de

pagos mencionado, solicitando se declare con las costas.—
Resultando: Que para ello alegó llevaba cuenta corriente
con P. Carreras y Cª, cobrándole el saldo, solicitando el
deudor aplazamiento; que además tenía vencido el pagaré de
Pastor y Cª quien se lo había endosado, sin haberlo satisfecho,
á pesar de las gestiones para ello, por lo que solicitó reconocimiento de firma y embargo preventivo, que se efectuó el
diez y nueve de Abril á las ocho de la mañana, y habiendo
el deudor solicitado el veinte y uno la declaratoria de suspensión de pagos, fué formulada por el Procurador Gautier
con un poder general á pleitos, otorgado por una sociedad
que sólo debía durar cuatro años, los que habían vencido;
que el poder no contenía cláusula especial, ni se acompañaba
la memoria, la relación de acreedores nadie la firmaba, el
balance no expresaba la antigüedad de los créditos, y no se
acreditaba si era ó no mercantil la sociedad: siendo los fundamentos de derecho: que las suspensiones de pagos están
sujetas á los artículos de la quita y espera, faltándose al
artículo 1,128; que la manifestación debe hacerla uno de los
gestores, acompañando la escritura social, ó un apoderado
especial; que no existe la sociedad suspensa, por haber
transcurrido los cuatro años; finalmente, no ha podido presentarse en suspensión de pagos, porque no satisfizo una obligación reclamada y vencida según el artículo 871.—Resultando: Que P. Carreras y Cª solicitó, al contestar, se declarara no haber lugar á lo pedido por el contrario, con las
costas, para lo que alegó: no ser exacto estuviera liquidada
la cuenta en la fecha de la carta, por haber hecho reparos:
que el pagaré de Pastor y Cª no ha sido cobrado, menos en
forma que afecte nulidad; que el embargo no se practicó á
las ocho de la mañana, no teniendo obligación de presentar
todo lo que de contrario se quiere y exige, por bastar el
balance; que el poder de Gautier es suficiente, estando prorrogada la sociedad, inscrita la prórroga y que no habiéndose
reclamado en forma las obligaciones para transcurrir las
cuarenta y ocho horas, se presentó dentro de ese plazo,

citando los artículos 119, 223, 870 al 873 y 876 del Código de Comercio, Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete y sentencia de veinte y siete de Febrero de mil ochocientos ochenta y nueve.—Resultando: Que abierto el incidente á prueba á instancia del actor se practicaron: 1º El reconocimiento de la carta de catorce de Febrero de mil ochocientos noventa y nueve, por Don Pedro Carreras, gestor de P. Carreras y Cª, en que expresa que por estar pendiente de una negociación para cubrir la deuda de Cortada y Cª, no había contestado, pero á pesar de la crítica situación que se atraviesa, trabaja para efectuarlo y saldar la cuenta; 2º Cotejo con el copiador de P. Carreras de la carta de veinte y tres de Octubre de mil ochocientos noventa y ocho, referida en el tercer resultando apareciendo conforme; 3º Testimonio de la declaración del gestor de Carreras y Cª, prestada en el ejecutivo seguido contra la Sociedad por Cortada y Cª, en la que reconoció la firma que autoriza el pagaré de quinientos un pesos diez centavos, mencionado en anteriores resultandos, y la carta de veinte y tres de Octubre de mil ochocientos novento y ocho, que original se trajo á los autos; 4º Testimonio del requerimiento de pago en el embargo preventivo por el actor, pedido contra el demandado, llevado á efecto á las nueve y cuarenta minutos de la mañana del diez y nueve de Abril de mil ochocientos noventa y nueve; 5º Certificación del Registrador mercantil de constar inscrita la prórroga de la sociedad, que vencerá en treinta y uno de Agosto de mil novecientos uno, según escritura de veinte y seis de Agosto de mil ochocientos noventa y siete, que fué traída también á instancia del demandado; 6º Declaración de dos testigos, dependientes ambos, y nieto del actor uno de ellos, que declaran varias veces cobraron á la sociedad demandada la cantidad adeudada, contestándoles pasarían á pagarla y no lo efectuaron.—Resultando de la prueba del demandado, vino á los autos testimonio de la escritura de prórroga de la sociedad, otorgada en veinte y seis de Agosto de mil ocho-

cientos setenta y siete, vencedera en la fecha expresada en el resultando anterior ; y unidas las pruebas á los autos á su debido tiempo, seguida la tramitación, dictó sentencia el Juez de Ponce en cuatro de Agosto de mil ochocientos noventa y nueve, declarando sin lugar el incidente de nulidad, con los pronunciamientos consiguientes, y sin especial condena de costas.—Resultando: Que interpuesto recurso de apelación y admitido, se elevaron los autos á este Tribunal Supremo, en vista de la Circular número 10 de ocho de Septiembre de mil ochocientos noventa y nueve ; y personadas las partes, formuló R. Cortada y Cª recurso de casación por infracción de ley, comprendido en los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, en relación con el 79 de la Orden General número 118, por los motivos siguientes :—1º Por declarar la sentencia que el poder presentado por el Procurador Gautier es bastante al constituirse P. Carreras y Cª en suspensión de pagos, infringiendo los artículos 1,713 y 1,714 del Código Civil ; y porque el escrito y pretensión de suspensión de pagos no están arreglados á derecho, y no manifestarse ni la procedencia de los créditos, ni su naturaleza, violando el número 1º del artículo 1,128 y el 1,317 de la Ley de Enjuiciamiento Civil, interpretando erróneamente las sentencias de veinte y ocho de Diciembre de mil ochocientos noventa y cinco y otras del Tribunal Supremo.—2º La sentencia, al declarar que el escrito y pretensión de suspensión de pagos fué presentado en tiempo, infringe el artículo 871 del Código de Comercio, con el 2º del Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete, pues las cuarenta y ocho horas se entienden desde el vencimiento de una obligación que no se hubiere satisfecho, sin necesitarse requerimiento de pago previo, demostrándolo el artículo 61 de dicho Código al no reconocer términos de gracia, los artículos 1,428 y 1,433 de la Ley de Enjuiciamiento Civil, por declararse en ellos exigible una obligación vencida al plazo, y que el reconocimiento de firma de los documentos privados son diligencias

preparatorias de la ejecución; interprentando mal la sentencia, la doctrina de las de once de Febrero de mil ochocientos noventa y cinco y diez y ocho de Febrero de mil ochocientos noventa y siete del Tribunal Supremo.—3º El Tribunal no ha apreciado bien las pruebas del actor al declarar no ha existido reclamación formal de la deuda, y al sentar la existencia de tachas, que, según lo dispuesto por el artículo 1,248 del Código Civil y demás pruebas practicadas, no ha podido hacer.—Resultando: Que tramitado el recurso y señalada la vista, las partes sostuvieron sus respectivas pretensiones.—Siendo Ponente el Juez Asociado Don Juan Morera Martínez.—Considerando: Que fundado el recurso, según el motivo 3º, en la apreciación de las pruebas hecha por el Tribunal sentenciador, debe indispensablemente reunir los requisitos por ley exigidos, sosteniéndose que en esa apreciación medió error de hecho, ó de derecho, citando para aquél las constancias de autos que lo evidencien, y en el de derecho las disposiciones relativas al valor de la prueba que se han infringido, con todo lo que no ha cumplido el recurrente, porque el artículo 1,248 del Código Civil, único citado en el motivo, por remitirse al 659 de la Ley de Enjuiciamiento Civil es insuficiente para sostenerlo por limitarse á exhortar á los Tribunales para que la simple coincidencia de algunos testimonios, á menos que su veracidad sea evidente, sirva para resolver los negocios: y por tanto al citar esa infracción, otras han debido consignarse, dirigidas á los demás elementos de prueba que el Tribunal aprecia al resolver, y sin que las que el recurso no puede prosperar, dada la terminante prescripción del artículo 1,718, en relación con los números 4º y 6º del 1,727 de la Ley de Enjuiciamiento Civil.—Considerando: Que el 2º motivo del recurso da por supuesto, contra lo afirmado por el Tribunal sentenciador, que el escrito de suspensión de pagos no fué presentado en tiempo por haber transcurrido cuarenta y ocho horas; y no pudiendo el Tribunal Supremo, en recursos fundados en el número 1º del artículo 1,690 alterar la

afirmación que contiene la sentencia recurrida, derivada de la apreciación de la prueba, por tener que aceptar ese hecho como indiscutible, no ha infringido el Tribunal sentenciador las leyes y doctrinas que en dicho motivo se citan.—Considerando: Que la sentencia no infringe las leyes citadas en el primer motivo, en atención á que el Procurador Gautier pudo representar á la sociedad con el poder que le confiriera P. Carreras y Cª, dadas las facultades que contiene; pues al presentarlo en suspensión de pagos regía el Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete, modificando los artículos del Código de Comercio referentes á dicho estado, entre ellos el 872, que sólo exige la instancia, el balance de activo y pasivo y la proposición de convenio, que fué lo presentado, no siendo preciso ajustarse al artículo 1,128 de la Ley de Enjuiciamiento Civil, como ocurría antes del mencionado Decreto, en el que también se ordena al mismo comerciante presentar la instancia, mientras para la quiebra lo previene el 875, y en los demás casos en que lo cree necesario lo determina la Ley expresamente, para no dar lugar á dudas.—Fallamos: Que debemos declarar y declaramos no haber lugar á resolver el recurso por el tercer motivo, y sin lugar al recurso por los motivos primero y segundo, condenando en las costas al recurrente Ramón Cortada y Cª; y con copia certificada de esta sentencia, devuélvanse los autos al Tribunal del Distrito de Ponce.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Rafael Nieto Abeillé.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Juan Morera Martínez, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y cinco de Junio de mil novecientos. E. de J. López Gaztambide.